# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| TERRI L. SNIDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:06CV 37 RWS(LMB) |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This is an action under 42 U.S.C. § 405(g) for judicial review of defendant's final decision denying plaintiff's application for Disability Insurance Benefits under Title II of the Social Security Act and Supplemental Security Income benefits under Title XVI of the Act. This cause was referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). Currently pending is Defendant's Motion to Reverse and Remand with Suggestions in Support. (Document Number 16). Plaintiff has not filed a response to defendant's motion.

Defendant in her motion requests that the court reverse the decision of the Administrative Law Judge (ALJ) and remand this action pursuant to sentence four of 42 U.S.C. § 405(g). Defendant states that upon receipt of the court's remand order, the Appeals Council of the Social Security Administration will remand this case to an ALJ who will be directed to take the following action: (1) obtain a copy of Dr. DiValerio's April 28, 2005 medical source statement, as well as

any other treatment records from this physician, and include them in the administrative record; (2) consider the treatment records from plaintiff's allergist, Janna M. Tuck, M.D.; (3) re-evaluate whether plaintiff's residual functional capacity should include limitations based on her allergic reaction to latex; (4) if necessary, obtain vocational expert testimony to identify any jobs that plaintiff can perform despite her non-exertional limitations; and (5) associate plaintiff's new Title II application with the application underlying this action and render a new decision for both of plaintiff's pending applications.  Defendant requests that the court enter a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure reversing the decision of the ALJ and remanding this case to the Commissioner.

Sentence four of 42 U.S.C. § 405(g) provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for rehearing."  However, in order for the court to properly remand a case to the Commissioner pursuant to sentence four, the court must enter an order either affirming, modifying or reversing the Commissioner's decision.  See Brown v. Barnhart, 282 F.3d 580, 581 (8th Cir. 2002).

The undersigned believes that it is appropriate to reverse and remand this case in order to permit the Commissioner to take further action as requested in her motion.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Defendant's Motion to Reverse and Remand with Suggestions in Support (Doc. No. 16) be and it is **granted**.

**IT IS FURTHER RECOMMENDED** that the decision of the Commissioner be **reversed** and this case be **remanded** to the Commissioner for further proceedings pursuant to sentence four of § 405(g) for those reasons set forth in this report and recommendation.

**IT IS FURTHER RECOMMENDED** that upon remand, the court not retain jurisdiction of this matter.

The parties are advised that they have eleven (11) days, until October 27, 2006, to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

Dated this   16th   day of October, 2006.

*Lewis M. Blanton*
LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE